————o————

## No. 5794.

## DR. J. R. FRIDGE vs. W. W. HOPKINS.

### Syllabus.

1. The acceptance of the personal note of one party in exchange for the joint and several note of that party and another, is a substitution of debtors, and a novation of the joint and several note, by which the endorser thereon is discharged.

2. The endorser on a note given in exchange for another note, has no contractual relations with the parties to the first note.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 97,574, Hon. T. C. W. Ellis, Judge.

Dart, Kernan & Dart, for plaintiff and appellee.

J. C. Henriques, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant and his brother executed a joint and several note which plaintiff endorsed and defendant's brother discounted with a banker.

It was not paid at maturity, and the broker executed his own personal note, which plaintiff endorsed and the banker took in exchange for the unpaid joint and several note. The first note was returned to the brother and destroyed.

When the second note matured plaintiff as endorser was obliged to pay it; and thereupon he brought this suit to recover from defendant the amount which he was thus compelled to pay.

We cannot see where plaintiff has any right of action against this defendant. When the creditor took the personal note of defendant's brother in exchange for the joint and several note of defendant and his brother, there was a substitution of one debtor for another, and the joint and several note was extinguished by novation. This released the endorser on that note and ended the relations of principal and surety between plaintiff and defendant.

When plaintiff was compelled to pay the personal note of defendant's brother it was not because he had once been endorser on the joint and several note, but only because he had bound himself by endorsing the new note, thereby entering into a **new contract** to which defendant was no party, and under which he had incurred no ob-

ligations towards anyone. . Plaintiff must therefore look to the parties to that contract and not to defendant.

The fact that plaintiff had been endorser on both notes, is a mere circumstance which in no way affects the relative rights and obligations of the parties, though it has served to confuse them. Had there been different endorsers on the two notes, it would be seen at a glance that the endorser on the second note had no contractual relations with, and was without right against, this defendant.

And it is useless to consider the oral testimony. Defendant's own debt had been extinguished, and no parol evidence, however direct and convincing, could avail to charge him with the debt of another.

It is, therefore, ordered that the judgment appealed from be reversed and set aside, and it is now ordered that plaintiff's demand be rejected at his cost in both Courts.

Reversed.

Opinion and decree April 21st, 1913.

Rehearing refused, May 19th, 1913.

Writ denied, July 1, 1913.